Betty JOHNSON, Plaintiff–Appellant,

v.

William J. HENDERSON,
U.S. Postmaster General,
Defendant–Appellee.

No. 01–16994.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Filed Dec. 26, 2002.

Eugene T. Franklin, Law Offices of Eugene T. Franklin, Hayward, CA, for the plaintiff-appellant.

Alex G. Tse, Assistant United States Attorney, San Francisco, CA, for the defendant-appellee.

Before B. FLETCHER, ARNOLD,* and RAWLINSON, Circuit Judges.

## OPINION

BETTY B. FLETCHER, Circuit Judge.

Plaintiff-appellant Betty Johnson ("Johnson") sued her employer, the United States Postal Service ("USPS"), claiming that she and her coworkers were sexually harassed on the job. USPS moved for summary judgment on the ground that, inter alia, Johnson had failed to exhaust her administrative remedies before suing in federal court because she had failed to comply with two administrative filing deadlines. Johnson maintained that the

* Honorable Richard S. Arnold, Senior Circuit Judge for the Eighth Circuit, sitting by desig- nation.

doctrines of equitable tolling and equitable estoppel should be applied to excuse her late filings. The district court found that Johnson's administrative filings were not timely and that neither equitable tolling nor equitable estoppel applied, and granted summary judgment to USPS. Johnson now appeals that award of summary judgment, arguing that the district court erred in refusing to apply equitable tolling and/or equitable estoppel to her administrative claims. We have jurisdiction under 28 U.S.C. § 1291, and we now affirm.

## I. BACKGROUND

Viewed in the light most favorable to Johnson, as required on summary judgment, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), the record reveals the following facts. From November 1997 through January 2000, Johnson was employed by the USPS as a full-time casual mail handler at its Processing and Distribution Center in Oakland, CA. Johnson alleges that, during the entire course of her employment, she and other coworkers were subjected to verbal and physical sexual harassment by male employees. She claims that she complained to her supervisors on a weekly basis about the harassment, but that no corrective action was ever taken. According to Johnson, one supervisor, Yvonne Davis, informed her that she would "be the first one out of here" if she continued to complain, and that as a "casual" employee she had fewer rights than "regular" employees. Finally, Johnson requested a transfer, but that request was denied. Shortly thereafter, in January 2000, Johnson was terminated.

The parties have different accounts of the extent to which Johnson and her coworkers were informed about EEO procedures. Johnson maintains that she never attended any training session on the subject of complaint procedures for sexual harassment, was never told about the USPS's EEO Department, and never saw any posters regarding EEO complaint procedures in her workplace. However, the USPS's investigation indicated that EEO posters were found on display throughout the Oakland facility, and the USPS maintains that all new USPS employees are required to attend an orientation in which they are instructed on, inter alia, "where and how to file a complaint of discrimination or harassment in the Postal Service." Moreover, according to USPS, all new employees are given a Learner's Workbook on Orientation for New Employees, which contains a time-line in the form of a chart setting out the requirements and time limits for processing an EEO complaint.

Johnson first requested EEO counseling on June 19, 2000. In response, USPS sent Johnson the required forms via certified mail on June 20, 2000; she received the forms at her residence on June 21, 2000. Johnson completed the EEO Request for Counseling on June 24, 2000, and returned it to USPS on June 26, 2000, along with a signed acknowledgment that she had received "What You Need to Know About EEO: An Informative Booklet." In her Request for Counseling, Johnson listed August 8, 1999 as the date on which the harassing conduct occurred.

By this time, Johnson had retained counsel to represent her in this matter. In her deposition, Johnson testified that she did not recall exactly when she hired her lawyer, but she acknowledged that he was representing her at least as of June 24, 2000, when she listed him as her attorney on her EEO Request for Counseling.

USPS maintains that it sent Johnson a response letter via certified mail on August 3, 2000, informing her of her right to file an individual complaint within 15 days of receipt of the letter. The cover letter was dated August 3, 2000, but the enclosed

Notice of Right to File Individual Complaint was hand-dated "9–3–00." The certified mail receipt reflects that an individual at Johnson's residence named "Katie" acknowledged receipt of the letter on August 4, 2000.[1] Johnson, however, maintains that she does not recall receiving the letter until September 2000.

Johnson then filed a formal EEO Complaint of Discrimination with USPS on September 8, 2000, in which she alleged that the harassment at issue took place on October 10–12, 1999. On September 14, 2000, USPS issued a Final Agency Decision rejecting Johnson's complaint on two grounds: The complaint had been filed after the fifteen-day time limit had passed, and Johnson had first sought informal EEO counseling after the forty-five-day time limit had passed. Johnson then filed the present suit in federal district court on December 8, 2000.

On June 5, 2001, USPS moved for summary judgment. The magistrate judge[2] who was presiding over the case granted USPS's motion in an order dated September 14, 2001. The magistrate judge found that Johnson had failed to exhaust her administrative remedies within the time limits required for federal employees pursuing EEO complaints. *See* 29 C.F.R. §§ 1614.105(a) ("Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must ... initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory"), 1614.106 ("A complaint must be filed within 15 days of receipt" of the right to file letter). The magistrate judge acknowledged that, as the Supreme Court held in *Zipes v. Trans*

*World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the equitable doctrines of waiver, equitable estoppel, and equitable tolling apply to the administrative exhaustion requirements at issue here. *Johnson v. Henderson,* 2001 WL 1112116, slip op. at 5 (N.D.Cal. Sep.14, 2001). However, she found that none of these doctrines were applicable to Johnson's case.

With regard to Johnson's failure to seek EEO counseling within 45 days of the alleged act of harassment, the magistrate judge held that Johnson's weekly complaints to her supervisors under USPS's Zero–Tolerance Policy did not obviate the requirement that she raise her claim with an EEO counselor. Slip op. at 6. The magistrate judge also found that neither equitable tolling nor equitable estoppel applied: Johnson had, at the very least, constructive notice of the EEO procedures based on the posters displayed around the Oakland branch of the USPS, and there was no evidence in the record suggesting that USPS had pursued its Zero–Tolerance Policy in order to deceive employees into thinking that they were not required to follow other EEO procedures, or that USPS knew or should have known that employees might be so deceived.

As to Johnson's failure to file her formal complaint within fifteen days of the conclusion of pre-complaint processing, the magistrate judge also found that no genuine issue of material fact remained. Despite the handwritten date of September 3, 2000 on the Notice of Right to File Individual Complaint, the cover letter was dated *August* 3, 2000, and the return receipt form indicated that the certified mail was received by "Katie" on August 4, 2000. The

---

1. Johnson testified that she did have a relative named Katie who sometimes visited her residence.

2. Both sides had consented to proceed before the magistrate judge on the dispositive motion.

magistrate judge ruled that the handwritten date on the Notice was in all likelihood a transcription error, in light of the extrinsic evidence attesting to the Notice's delivery on August 4—and, moreover, that there was a presumption in favor of delivery of letters that were properly addressed, stamped, and mailed, particularly when the letter had been sent via certified mail. Slip op. at 12–13 (citing C. McCormick, *McCormick on Evidence* § 343 (5th ed.1999), and *Federal Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1137 (4th Cir. 1984)); *cf. id.* at 15 (citing *Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir.1992) (holding that limitations period begins to run on date notice was received at claimant's residence, even if claimant did not receive it until a later date)). Here, the magistrate judge pointed out, Johnson offered no evidence to rebut this presumption—such as, for example, a declaration from "Katie" indicating whether she signed the receipt and what she had done with the letter. Moreover, neither equitable estoppel nor equitable tolling could be applied to this claim: Johnson was represented by counsel[3] at least as of June 24, 2000, which rendered equitable tolling unavailable under *Leorna v. United States Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997), and she had presented no evidence of improper motive on USPS's part in dating the Notice "9–3–00" that would have sustained a claim for equitable estoppel.

Accordingly, the magistrate judge held that Johnson had failed to exhaust her administrative remedies, a prerequisite to filing suit in federal court. Because neither equitable estoppel nor equitable tolling applied to excuse Johnson's failure to exhaust, the magistrate judge awarded summary judgment to USPS on Johnson's

claims. Johnson filed a timely Notice of Appeal on September 27, 2001.

## II. STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo. *See Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Accordingly, the appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Oliver*, 289 F.3d at 626. If there are genuine disputes as to material fact, then summary judgment is not appropriate.

The law of this Circuit is somewhat inconsistent regarding the standard of review applicable to a district court's determination of whether equitable estoppel or equitable tolling applies to a claim barred by the statute of limitations. *See, e.g., Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1175 (9th Cir.2000) (while de novo standard applies to district court's determination of whether a claim is barred by the statute of limitations, the decision as to whether *equitable tolling* applies "is generally reviewed for an abuse of discretion, unless the facts are undisputed, in which event the legal question is reviewed de novo") (emphasis added) (citations omitted); *id.* at 1176 ("This court reviews the district court's decision whether to apply the *equitable estoppel* doctrine for an

---

**3.** At oral argument, plaintiff's counsel stated that Johnson did not show the letter to her attorney until September 2000, after the deadline had already passed.

abuse of discretion.") (emphasis added) (citation omitted); *Leorna*, 105 F.3d at 550 (applying de novo standard of review to equitable tolling claim); *Scholar*, 963 F.2d at 266 (same).

## III. DISCUSSION

### A. *The Doctrines of Equitable Tolling and Equitable Estoppel*

■ The district court correctly held that the doctrines of equitable tolling and equitable estoppel may apply to the requirement that a claim of discrimination be filed with the agency within the applicable limitations period. *Zipes*, 455 U.S. at 393, 102 S.Ct. 1127; *accord Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2072, 153 L.Ed.2d 106 (2002); *Santa Maria*, 202 F.3d at 1176.

■ The doctrine of equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." *Leorna*, 105 F.3d at 551. It focuses on whether there was excusable delay by the plaintiff: "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Santa Maria*, 202 F.3d at 1178 (citations omitted); *see also Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th Cir.1985) ("The time period for filing a complaint of discrimination begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights.") (citation omitted). However, "once a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can

be charged with constructive knowledge of the law's requirements." *Leorna*, 105 F.3d at 551 (citing *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir.), *cert. denied*, 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987)) (internal quotation marks omitted).

■ Equitable estoppel, on the other hand, "focuses primarily on the actions taken by the *defendant* in preventing a plaintiff from filing suit." *Santa Maria*, 202 F.3d at 1176 (emphasis added). As the *Santa Maria* court explained:

A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied.

*Santa Maria*, 202 F.3d at 1176 (citing *Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir.1981)). Equitable estoppel, then, may come into play "if the defendant takes active steps to prevent the plaintiff from suing in time"—a situation that the Seventh Circuit terms "fraudulent concealment." *Id.* at 1176–77 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir.1990)). "Fraudulent concealment necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Id.* at 1177; *accord Boyd*, 752 F.2d at 414 (holding that equitable estoppel did not apply because "Boyd was not affirmatively misled by a Postal Service official").

### B. *Johnson's Failure to Seek Counseling Within 45 Days*

■ In her filings with USPS, Johnson gave two different dates as to when the

harassing conduct at issue occurred. In her Request for Counseling, dated June 24, 2000, Johnson listed August 8, 1999, as the date of the conduct, but in her formal EEO Complaint of Discrimination, dated September 8, 2000, Johnson alleged that the harassment took place on October 12, 1999. Even if one accepts the later date for the harassment, Johnson would have had to seek counseling no later than November 26, 1999, in order to comply with the limitations period in 29 C.F.R. § 1614.105(a). Instead, she first sought counseling approximately seven months later, on June 19, 2000. Thus, as Johnson concedes, her request was untimely.

Notwithstanding the untimeliness of her request for counseling, Johnson argues that she should be allowed to proceed with her lawsuit because she complained regularly to her supervisors about the harassing conduct, thus complying with USPS's "Zero–Tolerance Policy" for sexual harassment, as set forth in the Learner's Workbook for new employees. The Policy provided, in relevant part:

> Postal employees who believe that they are the victims of sexual harassment should immediately bring the situation to the attention of an impartial supervisor or manager....
>
> In addition, postal employees may seek relief through any of the following:
>
> The Equal Employment Opportunity (EEO) complaint process.
>
> Grievance arbitration procedure for bargaining unit employees under the collective bargaining agreements.
>
> The grievance procedures for nonbargaining employees.

Reporting any possible criminal misconduct to the Postal Inspection Service.

We find some merit in Johnson's contention that this language is somewhat misleading. It appears to suggest that employees should, first and foremost, take their concerns about harassment to a supervisor or manager, while the EEO complaint process is simply an additional, nonmandatory option that they "may" pursue. The wording is unfortunate in this regard, and it is certainly understandable that an employee, relying solely on the Zero–Tolerance Policy, might believe that she had preserved her rights so long as she notified her supervisor or manager about the harassment.

However, the Zero–Tolerance Policy was not the sole information available to Johnson. On the page of the Workbook immediately preceding the Policy, there is a chart detailing the time limits for the various steps to be taken in filing an EEO complaint. Moreover, as the magistrate judge pointed out, there is no basis in law to suggest that an employee's complaints to her supervisors satisfy the requirement that the aggrieved employee seek EEO counseling prior to filing a formal complaint or suing in court. Slip op. at 6–7. *Cf. Leorna,* 105 F.3d at 551 & n. 3 (holding that filing of an administrative complaint did not meet the requirement that the employee seek counseling prior to filing).

■ Johnson also argues on appeal, as she did below, that the doctrine of equitable estoppel should be applied to excuse her failure to request counseling within the limitations period.[4] Specifically, she main-

4. With regard to equitable tolling, Johnson's sole argument pertaining to this claim is that neither she nor any of her coworkers ever saw the EEO posters that were allegedly posted in the office. As already discussed above, however, constructive notice is sufficient to bar a claim of equitable tolling—actual notice is not required. Unrebutted evidence in the record suggests that the posters were present in multiple locations in the Oakland office. Thus, even viewing the facts in the light most favorable to Johnson, and assuming that she

tains that USPS deceived and misled her when: (1) her supervisor told her that she would be fired if she filed a sexual harassment complaint and that, as a casual employee, she had fewer rights than a regular employee; and (2) the Zero–Tolerance policy was worded to make it sound as if EEO complaint procedures were simply "additional" and non-mandatory.

The supervisor's alleged comments are very troubling, and unquestionably inaccurate as statements of the law. However, even if one accepts fully Johnson's account of them, they are not sufficient to sustain an equitable estoppel. Looking to the three considerations set forth in *Santa Maria, supra,* even given that (1) the supervisor certainly should have known that casual employees and regular employees had the same rights vis-#2A#-vis filing EEO complaints, and (2) Johnson's supervisors had notice that the harassment was going on, there is no evidence in the record to suggest that the reason Johnson missed the deadline here—by six months—was *because of* what the supervisor said to her. Johnson herself testified in her deposition that she complained "more than once a week" to her supervisors from "approximately the time that [she] started until the time that [she] was laid off." Moreover, nothing the supervisor allegedly said to her—that she should "go home and sleep on" her decision to file a complaint, that she had "fewer rights" than regular employees, or that she might be terminated for complaining—bore on the applicability of the deadline for the requirement to seek informal counseling.

This is a different scenario from that in *Cooper v. Bell,* 628 F.2d 1208 (9th Cir. 1980), which Johnson urges should govern in this case. In *Cooper,* an employee in

the agency's personnel office allegedly told the plaintiff that, as a white male, he was not allowed to file a discrimination charge; as a result, he did not file an administrative discrimination charge until almost a year after the alleged conduct. The Ninth Circuit held that the district court should not have dismissed the case, on the grounds that, if the plaintiff had evidence to support his account of what the employee told him and of his reliance thereupon, he could have established grounds for equitable estoppel. *Id.* at 1214.

As to the Zero–Tolerance Policy, as discussed above, we agree with Johnson that its wording may be somewhat misleading. However, even if we take her at her word that she was in fact misled, the Policy cannot support an equitable estoppel claim for one simple reason: There is nothing in the record to suggest "evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct" with regard to the Policy. Insofar as Johnson bases her claim on the fact that her supervisors did not take the actions they were supposed to take under the Policy, that point bears on the merits of her claim against her employer, but it does nothing to suggest that USPS promulgated the Zero–Tolerance policy with an intent to trick its employees into not filing EEO complaints, or that USPS knew or had reason to know that its employees would be so tricked.

Accordingly, nothing about either Johnson's understanding of the requirements for filing an EEO complaint or USPS's conduct rises to a level sufficient to warrant equitable estoppel or equitable tolling

did in fact never actually see the posters, the record reflects that the posters were there,

which constitutes constructive notice.

of the 45 day deadline. We affirm the magistrate judge's disposition of this claim.

### C. *Johnson's Failure to File an Administrative Complaint Within 15 Days*

The record indicates that "Katie" received the Notice of Right to File Individual Complaint at Johnson's residence on August 4, 2000. Accordingly, in order for Johnson's formal complaint to be timely, she would have had to file it within fifteen days of that date: by August 19, 2000 (a Saturday). However, Johnson maintains that she was misled by the handwritten date "9–3–00," and thought that the fifteen-day deadline ran from September 3, which would have established a filing deadline of Monday, September 18, 2000. Johnson filed her formal complaint on September 8, 2000, so, based on her understanding of the deadlines, her complaint would have been timely.

 As a matter of law, it is fairly clear that neither equitable tolling nor equitable estoppel applies to this claim. Equitable tolling is unavailable to Johnson because the undisputed evidence in the record, including Johnson's own deposition testimony and filings with USPS, indicates that she was represented by counsel in this matter from June 2000 onward. Thus, as this Court held in *Leorna,* Johnson may be charged with constructive knowledge of the law's requirements, through her attorney, during the relevant time period. *Leorna,* 105 F.3d at 551. Equitable estoppel, on the other hand, is unavailable here for the same reason it was unavailable before: There is nothing in the record that suggests that the handwritten date on the notice was intended to deceive Johnson, or that USPS knew or should have known that it would have deceived her, in light of when the notice was sent, the date on the cover letter, and the fact that the cover letter specified that "[i]f you still wish to pursue your complaint, you must complete [the relevant forms] *within fifteen (15) days upon receipt of this letter."* Accordingly, summary judgment was warranted in favor of USPS on the timeliness of Johnson's formal complaint.

### IV. CONCLUSION

Neither equitable tolling nor equitable estoppel applies to preserve Johnson's claims here. However, we hope that USPS will make further efforts to clarify for employees like Johnson what their EEO rights and obligations are. While the wording of the Zero–Tolerance Policy falls short of being deceptive enough to warrant application of equitable estoppel in this case, it is nonetheless confusing enough to warrant revision. In short, USPS should make it clear to its employees that complaining to one's supervisor, while a necessary and important first step, is not enough to preserve one's rights in court.

AFFIRMED.