James E. HEMBREE, Plaintiff–Appellant,

v.

* The Honorable William W Schwarzer, Senior

United States District Judge for the Northern

**Thomas E. WHITE,\* Secretary of the Army, Defendant–Appellee.**

No. 02–15792.

D.C. No. CV–01–00087–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.\*\*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM \*\*\*

James E. Hembree appeals pro se the district court's summary judgment for the defendant in his employment discrimination action alleging, among other things, that in August 1992 he was constructively discharged from his position as a Heavy Mobile Equipment Repairer in the Arizona National Guard. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Lyons v. England,* 307 F.3d 1092, 1103 (9th Cir.2002), and we may affirm on any ground supported by the record, *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998).

The district court erroneously concluded that Hembree's September 1, 1992 formal Equal Employment Opportunity ("EEO") complaint did not allege a constructive discharge claim. *See Lyons,* 307 F.3d at 1103–05 (reversing district court's narrow interpretation of EEO complaints). None-

theless, summary judgment was proper because Hembree did not commence the current action within 90 days of the final administrative disposition of the EEO complaint in 1993. *See* 42 U.S.C. § 2000e–5(f)(1); 29 C.F.R. § 1614.407(c); *Scholar v. Pac. Bell,* 963 F.2d 264, 266–68 (9th Cir. 1992).

The district court properly concluded that Hembree's February 22, 1996 formal EEO complaint was untimely, *see* 29 C.F.R. § 1614.105(a)(1) (complainant must initiate pre-complaint counseling within 45 days of the alleged discrimination); *id.* § 1614.106(b) (complainant must file formal EEO complaint within 15 days of conclusion of pre-complaint counseling), and that neither equitable tolling nor equitable estoppel could render it timely, *see Johnson v. Henderson,* 314 F.3d 409, 414–416 (9th Cir.2002).

There is no support in the record for Hembree's contention that the government's attorneys intentionally misled Judge Strand or Judge Rosenblatt.

We do not consider Hembree's allegations that he was denied a promotion based upon his race and that he was retaliated against for engaging in a protected activity, because he has conceded that those claims were fully and fairly litigated in *Hembree v. West,* No. Civ. 93–2151–PHX–RGS (D.Ariz. Jan. 18, 1996).

Contrary to Hembree's contention, he had no right to a jury trial. *See Etalook v. Exxon Pipeline Co.,* 831 F.2d 1440, 1447 (9th Cir.1987) ("The very existence of a

---

District of California, sitting by designation.

\* Thomas E. White is substituted for his predecessor as Secretary of the Army. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

summary judgment provision demonstrates that no right to a jury trial exists unless there is a genuine issue of material fact suitable for a jury to resolve.").

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.