**Josefina PLACIDES, Plaintiff—
Appellant,**

v.

**Donald RUMSFELD, Secretary,
Department of Defense,
Defendant—Appellee.**

No. 03–55331.

D.C. No. CV–01–08897–DT.

United States Court of Appeals,
Ninth Circuit.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Oct. 14, 2003.*

Decided Oct. 23, 2003.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Josefina Placides, a former employee of the United States Department of Defense, appeals the district court's grant of summary judgment holding that her action for employment discrimination under Title VII of the Civil Rights Act was time-barred. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Johnson v. Henderson*, 314 F.3d 409, 413–14 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment because it is undisputed that Placides did not contact an Equal Employment Opportunity Counselor until nineteen months after leaving the Defense Department and that she waited more than four years after completing counseling to file her formal complaint. *See* 29 C.F.R. § 1614.105(a)(1) (complainant must initiate pre-complaint counseling within 45 days of the alleged discrimination); 29 C.F.R. § 1614.106(b) (complainant must file formal EEO complaint within 15 days of conclusion of pre-complaint counseling); *Johnson*, 314 F.3d at 414–16.

Because Placides failed to demonstrate mental incapacity or other exceptional circumstances, the district court properly determined that she was not entitled to equitable tolling. *See Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir.1998) (holding letter from psychologist inadequate basis for equitable tolling). The district court properly concluded that Placides' ability to consult with attorneys and perform volunteer work during the alleged period of incapacity undermined her claim of incapacity. *Cf. Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir.1999) (stating that equitable tolling is proper

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

where "overwhelming evidence" demonstrates that complainant was completely disabled during the limitations period).

**AFFIRMED.**