Robert L. DAVIS, Plaintiff–Appellant,

v.

R. James NICHOLSON, Secretary of the Department of Veterans

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

1. Cal.Civ.Proc.Code § 425.16.

Affairs, Defendant–Appellee.*

No. 03–56634.

United States Court of Appeals,
Ninth Circuit.

Submitted May 2, 2005.**

Decided May 24, 2005.

Robert M. Moss, Esq., Robert M. Moss,
Inc., Santa Monica, CA, for Plaintiff–Appellant.

* R. James Nicholson is substituted for his predecessor, Anthony J. Principi, as Secretary of the Department of Veterans Affairs. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Ashley Tabaddor, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: O'SCANNLAIN and WARDLAW, Circuit Judges, and LOVELL, District Judge.***

MEMORANDUM ****

Robert L. Davis appeals the district court's grant of summary judgment against him for failure to timely exhaust his administrative remedies in this employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

It is undisputed that Davis failed to timely file an appeal to the Equal Employment Opportunity Commission's second final agency decision ("FAD"). Davis argues that his failure to timely file his appeal should be excused by the doctrine of equitable tolling. The equitable tolling doctrine may apply to the limitations periods for filing a petition or appeal with an agency. See Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir.2002). Equitable tolling is only available, however, when the petitioner failed to comply with the limitations period because he or she "had

*** The Honorable Charles C. Lovell, Senior United States District Judge for the District of Montana, sitting by designation.

**** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

neither actual nor constructive notice of the filing period" or if a "reasonable" person would not have known about the need to file within the limitations period. *Id.*

The district court correctly recognized that "[Davis] admits to knowledge of the time limitation" and therefore had actual notice. Davis was represented by counsel at the time he received the agency's final decision, and is a lawyer himself. The March 5, 1996 (second) FAD stated that it was the "final agency decision" on Davis' July 19, 1993 complaint and provided notice of the time limitations within which to appeal or to file a civil action. Therefore, Davis' assertion that neither he nor his lawyer understood that he had to file an appeal was properly rejected as unreasonable. The personal tragedies Davis endured during this time period, the fire at his home and the deaths of his brother and son, while unfortunate, do not excuse his failure to timely appeal because Davis did "not come forward with any evidence that any of these events caused him to become incapacitated and unable to pursue his right to appeal." Thus, the district court correctly concluded that equitable tolling was unavailable as Davis failed to make the necessary showing.

Because none of the "controlling facts" regarding the untimely filing was in dispute, the district court did not err in deciding the question of equitable tolling on summary judgment. *See Aronsen v. Crown Zellerbach,* 662 F.2d 584, 595 (9th Cir.1981) (reversing the district court's grant of summary judgment and remanding because material facts regarding whether equitable tolling applied were in dispute). Davis' argument that a jury should have determined whether he was

eligible for equitable tolling is unavailing as, given that the facts were undisputed, the question was one solely of law, appropriately determined by the district court. AFFIRMED.