MEMORANDUM **
Plaintiffs’ son, José Gomez, was shot and killed by Torrance Police Officer David Maitlen on August 19, 2004, in the course of an attempted robbery of a fast food restaurant. Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 on February 2, 2007. They allege that police responding to the robbery used excessive force resulting in the wrongful death of their son. They also allege that the Torrance Police Department falsified the police investigative report to justify the shooting as a lawful use of deadly force, thereby fraudulently concealing the existence of a cause of action. The district court granted defendants’ motion for summary judgment, holding that plaintiffs had failed to plead fraudulent concealment with sufficient particularity and had thus waived their tolling claim. Accordingly, the district court held that the action was barred by the applicable two-year statute of limitations. See Cal.Civ.Proc.Code § 335.1. We have jurisdiction of this timely appeal under 28 U.S.C. § 1291 and reverse and remand.
We.review the district court’s grant of summary judgment de novo, applying the *969 same standard as the district court. James River Ins. Co. v. Hebert Schenk, P.C., 523 F.3d 915, 920 (9th Cir.2008).
The district court erred in holding that because plaintiffs conceded that they learned of their son’s death in August 2004, they could not show fraudulent concealment, and could not equitably estop the defendants from asserting the statute of limitations. Its analysis conflated tolling under the discovery rule and fraudulent concealment. The discovery rule delays the onset of the limitations period until a plaintiff knows or has reason to know of the injury which is the basis of the action. TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir.1999). In contrast, fraudulent concealment focuses on the actions of the defendant calculated to prevent the plaintiff from filing suit within the limitations period, even though the plaintiff is already aware of the injury that is the basis of the action. Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir.2002); Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir.2000). Here, plaintiffs alleged facts and offered evidence that, if proved, would have led reasonable persons to believe that they did not have a claim for relief until they viewed the surveillance video of the shooting. See Gibson v. United States, 781 F.2d 1334, 1344-45 (9th Cir.1986). Plaintiffs presented evidence that the police and the district attorney’s office provided them with a false and misleading investigative report, which concluded that officers acted lawfully when they shot Gomez. They submitted affidavits stating that they relied on the investigative report in deciding not to file suit. Additionally, plaintiffs introduced evidence that police withheld a surveillance video of the shooting until after the expiration of the limitations period; this video contradicted the investigative report in several important respects.[1]
The district court abused its discretion in finding that plaintiffs failed to plead the facts and circumstances surrounding the alleged fraudulent concealment with particularity. See Conmar Corp., v. Mitsui & Co., 858 F.2d 499, 502 (9th Cir.1988); see also Santa Maria, 202 F.3d at 1175. Plaintiffs’ complaint contained at least seventeen paragraphs alleging that the investigative report provided to them was materially false and misleading. Plaintiffs specifically described how the investigative report omitted important witness statements, and how it was contradicted by the surveillance video of the shooting. These detailed allegations were sufficient for purposes of pleading the fraudulent concealment claim. Plaintiffs therefore raised genuine issues of material fact as to whether defendants are equitably es-topped from asserting a statute of limitations defense based on fraudulent concealment. Accordingly, it was error to grant the motion for summary judgment. See Conmar, 858 F.2d at 502-04
REVERSED and REMANDED for further proceedings.

 This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

. In addition to opposing the motion for summary judgment, plaintiffs moved for a continuance under Federal Rule Civil Procedure 56(f) to pursue additional discovery. The district court implicitly denied plaintiffs' motion by granting defendants’ summary judgment motion. Because there is no evidence that plaintiffs failed to diligently pursue discovery, the district court abused its discretion in failing to grant plaintiffs' motion. See Pfingston v. Ronan Eng’g, 284 F.3d 999, 1005 (9th Cir.2002).