*693 MEMORANDUM **
Plaintiff Lana Shepard appeals the district court’s dismissal of her claims of discrimination based on retaliation and disability and of intentional infliction of emotional distress against Defendant Donald Winter, Secretary of the Navy. Shepard was employed as a Medical Support Assistant in the General Surgery Clinic at Naval Hospital Bremerton. She asserts she was transferred from that position to a position in Outpatient Records in retaliation for her prior filing of an Equal Employment Opportunity complaint and on the basis of her disability resulting from carpal tunnel syndrome. She additionally claims the transfer caused her severe emotional distress. The district court dismissed all of Shepard’s claims at summary judgment, which Shepard asserts was error. We review the grant of summary judgment de novo and affirm. See Johnson v. Henderson, 314 F.3d 409, 413 (9th Cir.2002).
The district court properly determined that Shepard failed to administratively exhaust her federal discrimination claims. A federal employee must exhaust her available administrative remedies prior to bringing a discrimination claim in federal court under either Title VII of the Civil Rights Act or the Rehabilitation Act. 29 C.F.R. § 1614.105(a). The regulations further require that an employee’s first contact with an Equal Employment Opportunity counselor must occur “within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.” 29 C.F.R. § 1614.105(a)(1). “[Fjailure to comply with this regulation [is] fatal to a federal employee’s discrimination claim.” Lyons v. England, 307 F.3d 1092, 1105 (9th Cir.2002). Shepard clearly missed the 45 day deadline for first contacting an EEO counselor. There is no dispute in the record that the date of Shepard’s first contact with an EEO counselor was February 18, 2004. This was 52 days after December 28, 2003, the undisputed effective date of Shepard’s transfer to Outpatient Records, which is the discriminatory act alleged both in Shepard’s underlying EEO complaint and in her federal district court complaint.
Shepard asserts the district court should have applied equitable estoppel to excuse her failure to meet the administrative deadline because she was misinformed by hospital staff at the time of her transfer that it was temporary and only later discovered the transfer was intended to be permanent. The district court correctly refused to do so. Human Resources Specialist Robert Hickman specifically informed Shepard in response to her inquiries that her transfer was permanent until such time as she successfully applied for another position in the hospital and Shepard’s subsequent messages to him convey that she understood Hickman. In light of this, Shepard should not reasonably have relied on any second-hand representations of Hickman’s statements made by other hospital staff to the contrary. See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1177-78 (9th Cir.2000) (finding that plaintiff should not reasonably have relied for equitable estoppel purposes on second-hand representations made by the defendant concerning the plaintiffs doctor’s medical recommendations). Furthermore, there is no evidence of any intent on the part of any hospital staff to conceal the nature of the transfer from Shepard. See Johnson, *694 314 F.3d at 414 (noting that “improper purpose on the part of the defendant” is a significant factor in determining applicability of equitable estoppel).
The district court also properly dismissed Shepard’s emotional distress claim. The district court construed Shepard’s claim as made pursuant to the Federal Tort Claims Act. Construed in this manner the claim was correctly dismissed by the district court as preempted by the Civil Service Reform Act and for failure to fulfill the jurisdictional requirements of the Federal Tort Claims Act. See Mangano v. United States, 529 F.3d 1243, 1247 (9th Cir.2008); 28 U.S.C. § 2675(a). On appeal, Shepard asserts her emotional distress claim should have been construed as pursuant to Title VII and the Rehabilitation Act and not the Federal Tort Claims Act. Re-characterizing her emotional distress claim as part of her federal discrimination claims, however, merely subjects it to dismissal as time barred.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.