NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 4 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT G. HUBBARD, Jr.,

Plaintiff-Appellant,

v.

JAY C. SHEFFIELD, Justice of the Peace;
et al.,

Defendants-Appellees.

No.    14-35377

D.C. No. 9:12-cv-00036-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding[**]

Submitted September 27, 2016[***]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Robert G. Hubbard, Jr., appeals pro se from the district court's summary

judgment in his action alleging federal and state law claims arising from his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

arrests. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Johnson v. Henderson*, 314 F.3d 409, 413 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment on Hubbard's state law claims against defendants Bowe, Guches, Smith, and Rebo because Hubbard did not establish that any of the exceptions to statutory immunity applied. *See* Mont. Code Ann. § 2-9-305; *Germann v. Stephens*, 137 P.3d 545, 553-54 (Mont. 2006) ("[An] employee enjoys immunity from individual liability for the conduct where the county acknowledges that the conduct arose out of the course and scope of the employee's official duties.").

The district court did not abuse its discretion in dismissing, as a sanction under Federal Rule of Civil Procedure 37, Hubbard's state law claims against Lincoln County, and his 42 U.S.C. § 1983 fabrication of evidence claim against defendants Guches and Smith, because Hubbard failed to comply with the district court's instructions and misrepresented his level of compliance with discovery obligations. *See Payne v. Exxon Corp.*, 121 F.3d 503, 507-08 (9th Cir. 1997) (setting forth standard of review and discussing five factors that district courts must weigh prior to dismissal under Rule 37).

We reject as without merit Hubbard's contentions that the local rule

14-35377

prohibiting self-represented litigants from filing electronically violated his due process and equal protection rights, and that the district court improperly granted defendants' motion in limine.

**AFFIRMED.**