**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASMINE BOWERS, M.D.,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>ROBERT A. McDONALD, in his official capacity as Secretary of the Department of Veterans Affairs,<br><br>    Defendant-Appellee. | No.  15-56270<br><br>D.C. No.<br>2:12-cv-09362-SVW-SH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 9, 2017[**]
Pasadena, California

Before:  WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

**1**.  The district court did not err when, following an evidentiary hearing, it

dismissed with prejudice Dr. Jasmine Bowers's nonselection discrimination claim.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The court did not clearly err in finding that Dr. Bowers failed to contact an Equal Employment Office (EEO) counselor within 45 days of when she knew or should have known that she had a claim for discrimination. 29 C.F.R. § 1614.105(a). Dr. Bowers attended the July 28, 2010, meeting at which Dr. Downs was introduced as an anesthesiologist and shortly thereafter became aware of facts indicating that Dr. Downs had been hired as a full-time equivalent anesthesiologist. Nor did the district court clearly err in finding that Dr. Bowers had constructive notice of the 45-day deadline. In the hospital, posters stating "you must initiate contact with an EEO counselor within 45-days of the date of the alleged act of discrimination" were displayed on the first floor and next to the entrance to human resources. These posters were sufficient to provide hospital employees, including Dr. Bowers, with constructive notice of the 45-day deadline. *Johnson v. Henderson*, 314 F.3d 409, 415 n.4 (9th Cir. 2002). Dr. Bowers's claim that she was denied adequate discovery in advance of the evidentiary hearing is without merit. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) ("An appellate court will not interfere with the trial court's refusal to grant discovery except upon the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant . . . .").

**2.** The district court properly granted the hospital's motion for summary judgment on Dr. Bowers's removal claim. We assume, without deciding, that Dr. Bowers made out a prima facie case. The hospital produced evidence of Dr. Bowers's unsatisfactory job performance during the September 14, 2010, surgery as a legitimate, nondiscriminatory reason for removing Dr. Bowers from the anesthesiology schedule and for refusing to reinstate her. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The burden then shifted to Dr. Bowers to show that the hospital's proffered reason was pretextual. *Id.* at 804.

Dr. Bowers has not raised a triable issue of material fact as to pretext. She did not produce evidence from which a reasonable trier of fact could conclude that there was a culture of race and age discrimination within the anesthesia department. Nor could a rational jury conclude that Certified Registered Nurse Anesthetists were similarly situated to anesthesiologists as it relates to disciplinary action, given that the nurse anesthetists were supervised during surgery at the hospital where Dr. Bowers worked while the anesthesiologists were not. *See Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Finally, Dr. Braunfeld's decision to hire Dr. Downs for a full-time equivalent position does not give rise to a plausible inference of pretext. Dr. Braunfeld, who had supervised Dr. Downs before hiring him, discussed the full-time equivalent position with him before

speaking with Dr. Bowers and before posting the job on a public website. Even without resorting to reliance on the same-actor inference, we conclude that the district court properly granted summary judgment on Dr. Bowers's removal claim.

**3.** The district court also properly granted the hospital's motion for summary judgment on Dr. Bowers's retaliation claim. We will again assume without deciding that Dr. Bowers has established a prima facie case for her retaliation claim. *Surrell v. California Water Service Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). The hospital has shown that Dr. Bowers's performance during the September 14 surgery was a legitimate, non-retaliatory reason for its decision to remove her from the anesthesiology schedule and deny reinstatement. Dr. Bowers has failed to raise a triable issue of material fact as to whether the hospital's proffered explanation is unworthy of credence. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). The hospital had a legitimate reason for removing Dr. Bowers from the anesthesiology schedule, which occurred before she engaged in any protected activity. And the hospital's decision not to reinstate her based on that same reason is supported by an outside review of her performance during the surgery in question.

**AFFIRMED**.