NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ARMANDO ORTEGA, | No. 19-17547 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-00319-HSG |
| v. | |
| SANTA CLARA COUNTY JAIL; et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| A. FLORES, Correctional Officer; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted November 15, 2021
San Francisco, California

Before: PAEZ and FRIEDLAND, Circuit Judges, and KORMAN,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Appellant Carlos Armando Ortega, who is in psychiatric detention, appeals the district court's dismissal without leave to amend of his 42 U.S.C. § 1983 complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

The district court determined that the statute of limitations for Ortega's complaint expired on December 12, 2014 and dismissed his complaint as "untimely." Plaintiffs are generally not required to "plead around affirmative defenses." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019). Rather, "[d]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Thus, "[a] motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). Under this standard, Ortega has not pleaded himself out of court by failing to plead around the statute of limitations.

Ortega may be able to establish entitlement to tolling. Under California

2

law,[1] Ortega may be entitled to statutory tolling if he lacked "the legal capacity to make decisions" when his cause of action accrued, Cal. Civ. Proc. Code § 352(a), or to equitable tolling, if he demonstrates "excusable delay," *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002).[2]

The district court found that Ortega was not entitled to statutory tolling because he did not "present[] evidence supporting his allegation" that he lacked the legal capacity to make decisions in any of his filings. The district court found that Ortega was not entitled to equitable tolling because he did not "demonstrate[] the necessary reasonable and good faith conduct required," as he was able to litigate other lawsuits during the time period at issue.[3] This is the incorrect Rule 12(b)(6)

---

[1] Federal courts apply the forum state's tolling laws to 42 U.S.C. § 1983 cases. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

[2] California applies a stop-clock approach to equitable tolling: "the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." *Lantzy v. Centex Homes*, 73 P.3d 517, 523 (Cal. 2003), *as modified* (Aug. 27, 2003) (emphasis in original).

[3] The district court properly took judicial notice of the list of Ortega's other cases. Fed. R. Evid. 201(b); *see Est. of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (taking judicial notice of court filings in a related case to affirm the district court's decision to dismiss the plaintiff's complaint as untimely and deny the plaintiff equitable tolling). Moreover, these materials, even if considered, do not prove that Ortega's complaint is untimely. While Ortega's litigation history might suggest that he had the capacity to litigate, there could be factual questions about whether Ortega was actually competent. For example, counsel or another prisoner could have helped him file lawsuits. And, even if Ortega was competent enough to file certain lawsuits on his own, it is possible that Ortega was only competent during brief windows of time—windows that add up to much less than two years.

standard; Ortega need not "demonstrate" or "present evidence" at this stage. Rather, he must make factual allegations that show a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and do not foreclose the possibility that he may establish statutory or equitable tolling, *Supermail Cargo*, 68 F.3d at 1206–07.  The face of his complaint does not foreclose the possibility that Ortega may be able to demonstrate that he lacked the legal capacity to make decisions during the relevant time period or that he excusably delayed filing his suit.  Because the district court erred in dismissing Ortega's complaint, we reverse and remand for further proceedings.

**REVERSED AND REMANDED.**