**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIA J. ROHR, | No.    20-15051 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00162-LEK-RT |
| v. | |
| CRIME VICTIMS COMPENSATION COMMISSION, of the State of Hawai'i, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 15, 2022**

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Claudia J. Rohr appeals pro se from the district court's summary judgment

in her action brought under the Americans with Disabilities Act.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

decision on cross-motions for summary judgment.  *Guatay Christian Fellowship v.*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment for defendant because, assuming without deciding that 28 U.S.C. § 1658(a) applies, Rohr failed to file her action within the applicable limitations period or establish any basis for equitable estoppel.  *See* 28 U.S.C. § 1658(a); *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (explaining that under the discovery rule, the statute begins to run once a plaintiff has knowledge that she has been hurt and knowledge of who has inflicted the injury); *see also Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (explaining that application of equitable estoppel under federal law requires active conduct by a defendant to prevent plaintiff from suing in time, above and beyond the alleged wrongdoing underlying the claim).

The district court did not abuse its discretion by denying Rohr's motions for reconsideration and for relief from judgment because Rohr failed to demonstrate any basis for such relief.  *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e) or 60(b)).

We reject as without merit Rohr's contention that the district court violated due process.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**