NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBY BRADLEY, | No. 17-17067 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02420-TLN-DB |
| v. | |
| COUNTY OF SACRAMENTO DEPARTMENT OF HUMAN ASSISTANCE OF NORTHERN CALIFORNIA WELFARE DIVISION; DONNA DOYLE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Ruby Bradley appeals pro se from the district court's summary judgment

and dismissal order in her employment action alleging violations of Title VII and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the Age Discrimination in Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Leong v. Potter*, 347 F.3d 1117, 1121, 1123 (9th Cir. 2003). We affirm.

The district court properly dismissed Bradley's Title VII racial discrimination and hostile work environment claims because Bradley did not raise these claims in her EEOC charge and thus she failed to exhaust her administrative remedies. *See id.* at 1122 (setting forth exhaustion requirement and explaining that only claims "like or reasonably related to allegations" raised in EEOC charge and investigation are within the district court's jurisdiction (citation and internal quotation marks omitted)). Moreover, the district court did not abuse its discretion in determining that Bradley was not entitled to equitable relief. *See id.* at 1121-23 (setting forth standard of review and requirements for equitable estoppel).

To the extent Bradley's ADEA claim was based on events between 2002 and 2008, the district court properly granted summary judgment because Bradley failed to raise a genuine dispute of material fact as to whether her claims were timely. *See Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007) (a state "employee who believes [she] has been discriminated against on the basis of age must file a complaint with the EEOC within 180 days of the alleged discrimination, or 300 days in a deferral state").

The district court properly granted summary judgment on Bradley's

remaining age discrimination claim because Bradley failed to raise a genuine dispute of material fact as to whether defendant's failure to hire her into the Community Work Experience Program Coordinator position was because of her age. *See Shelley v. Geren*, 666 F.3d 599, 606-08 (9th Cir. 2012) (setting forth the elements of ADEA claim and the burden-shifting framework).

We reject as without merit Bradley's contention that she was denied due process and that defendant provided her with insufficient discovery.

Bradley's request for judicial notice, set forth in her opening brief, is denied.

**AFFIRMED.**