**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM J. WHITSITT, | No. 15-17375 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00117-MCE-AC |
| v. | |
| HEDY HOLMES STAFFING SERVICES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted December 14, 2016**

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

William J. Whitsitt appeals pro se from the district court's judgment in his

action alleging claims under the Age Discrimination in Employment Act

("ADEA") and state law.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)). We may affirm on any ground supported by the record. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We affirm.

The district court properly dismissed Whitsitt's ADEA claims against San Joaquin County Work Net and Sansome because Whitsitt failed to allege facts sufficient to show that either defendant can be held liable under the ADEA. *See* 29 U.S.C. § 623 (ADEA applies to employers, employment agencies, and labor organizations); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (explaining that the purpose of the "agent" provision in the ADEA was to incorporate respondeat superior liability, and that individual defendants cannot be held liable for damages under the ADEA).

Dismissal of Whitsitt's ADEA claims against Hedy Holmes Staffing Services was proper because the record reflects that although Whitsitt filed a notice of charge, he failed to wait 60 days before filing this action. *See* 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section [of the ADEA] until 60 days after a charge alleging unlawful discrimination has

2                                                                                      15-17375

been filed with the Equal Employment Opportunity Commission."); *Forester v. Chertoff*, 500 F.3d 920, 926 (9th Cir. 2007) (under § 626(d), private employees must file a charge with the EEOC before filing suit).

The district court did not abuse its discretion in dismissing Whitsitt's state law claims in the absence of any cognizable federal claims. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over state law claims upon the dismissal of the federal claims); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review).

Contrary to Whitsitt's contention that he was labeled a vexatious litigant, the record does not indicate that a vexatious litigant order has been entered against him.

We reject as without merit Whitsitt's contentions regarding bias.

Whitsitt's requests, set forth in his opening brief, are denied.

**AFFIRMED.**